**Original filed 7/25/06**

1
2
3
4
5
6
7              NOT FOR CITATION

8        **IN THE UNITED STATES DISTRICT COURT**

9       **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                   **SAN JOSE DIVISION**

11

12   MARY HELEN WOODSON,                    Case Number C 05-3939 JF

13                      Plaintiff,           ORDER[1] (1) DENYING
                                             DEFENDANT'S MOTION TO
14              v.                           DISMISS FOR UNTIMELY SERVICE,
                                             (2) GRANTING DEFENDANT'S
15   INTERNATIONAL BUSINESS MACHINES,        MOTION FOR A MORE DEFINITE
     INC.,                                   STATEMENT, AND (3)
16                                           CONSOLIDATING RELATED
                      Defendant.             ACTIONS
17
                                             [re: docket no. 9]
18
                                             *NOT SUBJECT TO E-FILING:*
19                                           *PLAINTIFF IS PRO SE*

20        Defendant International Business Machines, Inc. ("Defendant") moves to dismiss the

21   complaint of Plaintiff Mary Helen Woodson ("Plaintiff") for untimely service pursuant to Federal

22   Rules of Civil Procedure 4(m) and 12(b)(5), or, in the alternative, for a more definite statement

23   of Plaintiff's first two claims of relief pursuant to Rule 12(e).  The Court has considered the

24   briefing of the parties and the oral arguments presented at the hearing on July 21, 2006.  For the

25   reasons discussed below, the motion to dismiss will be denied and the motion for a more definite

26   _____

27      [1] This disposition is not designated for publication and may not be cited.

28
     Case No. C 05-3387 JF
     ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS FOR UNTIMELY SERVICE, (2) GRANTING
     DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT, AND (3) CONSOLIDATING RELATED
     ACTIONS
     (JFEX2)

1  statement will be granted.

2

3                              **I. BACKGROUND**

4          On or about October 10, 2003, and again on or about September 28, 2004, Plaintiff filed a

5  complaint of employment discrimination with the California Department of Fair Employment

6  and Housing ("DFEH"). Complaint ¶ 19. In a right-to-sue letter dated September 28, 2004, the

7  DFEH informed her that she had the right to bring a civil action under California's Fair

8  Employment and Housing Act ("FEHA") within one year. Complaint ¶ 20. On September 28,

9  2005, exactly one year later, Plaintiff filed the instant action in this Court.[2] Plaintiff did not serve

10 the complaint until April 26, 2006, 211 days after filing. Defendant filed the instant motion on

11 May 16, 2006.

12

13                              **II. DISCUSSION**

14 **A.    Motion to Dismiss for Untimely Service**

15         Defendant argues that the present action should be dismissed because service was

16 untimely. Plaintiff concedes that Defendant was not served within 120 days as required by Rule

17 4(m) of the Federal Rules of Civil Procedure.

18         Rule 4(m) states that:

19         If service of the summons and complaint is not made upon a defendant within 120
           days after the filing of the complaint, the court, upon motion or on its own
20         initiative after notice to the plaintiff, shall dismiss the action without prejudice as
           to that defendant or direct that service be effected within a specified time;
21         provided that if the plaintiff shows good cause for the failure, the court shall
           extend the time for service for an appropriate period.
22

23 Fed. R. Civ. P. 4(m).

24         "Rule 4(m) explicitly permits a district court to grant an extension of time to serve the

25 complaint after that 120-day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.

26 _____

27         [2] Plaintiff previously filed a related action, case number C 05-03387-JF, in this Court.

28                                          2

1    2003). "The current rule requires a district court to grant an extension of time if good cause is

2    shown and permits the district court to grant such an extension even absent good cause." *Mann*,

3    324 F.3d 1088 at 1090.

4         Plaintiff offers a two-part explanation for her delay in effecting service. She attributes

5    her initial delay to her lack of sophistication in legal matters, and in particular to a mistaken

6    belief that she had 180 days to serve the complaint — time she was using to try to obtain counsel.

7    Opposition, p. 4. On February 3, 2006, during a case management conference concerning her

8    related action against Defendant, Plaintiff was informed of the correct deadline and instructed to

9    serve the complaint. Defendant' Motion to Dismiss, p. 3; Opposition, p. 4. Plaintiff attributes

10   her failure to do so for an additional eighty-two days following the conference to illness and a

11   preoccupation with responding to Defendant's "flurry of Motions to Dismiss." The docket report

12   for the related action shows that a motion to dismiss was pending during the eighty-two day

13   period.

14        Defendant argues that Plaintiff deliberately delayed service, and that she has admitted as

15   much. Defendant notes that Plaintiff effected service promptly in the related action. In addition,

16   Defendant characterizes Plaintiff's admission that she thought she had 180 days to effect service

17   and was attempting to obtain counsel as evidence that the delay was deliberate. Finally

18   Defendant argues that the passage of three years since termination of Plaintiff's employment is

19   prejudicial to Defendant because of fading memories, the possibility that Defendant will have

20   greater difficulty locating documents, and that generally the case has become stale. Motion to

21   Dismiss, p. 4.

22        Keeping in mind that Plaintiff is proceeding *pro se*, the Court finds that Plaintiff's

23   explanation for the delay constitutes good cause under Rule 4(m). Because Plaintiff has

24   demonstrated good cause for the delay in service, the Court need not consider whether to exercise

25   its discretion to extend the time for service absent good cause. However, the Court notes that

26   such relief would be justified "if the applicable statute of limitations would bar the re-filed

27   action." Fed.R.Civ.P. 4(m), advisory committee note (1993). In the instant case, because

28

3

1    Plaintiff filed her complaint on the last day she was entitled to do so under the terms of her right-

2    to-sue letter, the statute of limitations might bar the case from being re-filed if it were dismissed.

3    "[F]ailure to serve process within Rule 4(m)'s 120-day period does not affect the tolling of the

4    statute of limitations unless the failure to serve process causes the district court to dismiss the

5    action." *Mann*, 324 F.3d 1088 at 1091 (citations omitted).

6    While the Court is concerned about the prejudice that might arise were Plaintiff allowed

7    to defer prosecution of her new action indefinitely while she prosecutes the first, this is not the

8    issue at hand.  Absent specific claims of prejudice resulting from the particular ninety-one delay

9    at issue in this motion, the Court does not find prejudice to Defendant here.  Indeed, Plaintiff's

10   earlier case also alleged disability discrimination, which served to put Defendant on notice

11   regarding disability claims arising from Plaintiff's employment.

12

13   **B.      Motion for a More Definite Statement**

14   As an alternative to dismissal of Plaintiff's complaint, Defendant seeks a more definite

15   statement under Rule 12(e) of the Federal Rules of Civil Procedure with respect to Plaintiff's

16   first two claims for relief.

17   Rule 12(e) states that:

18       If a pleading to which a responsive pleading is permitted is so vague or
         ambiguous that a party cannot reasonably be required to frame a responsive
19       pleading, the party may move for a more definite statement before interposing a
         responsive pleading. The motion shall point out the defects complained of and the
20       details desired. If the motion is granted and the order of the court is not obeyed
         within 10 days after notice of the order or within such other time as the court may
21       fix, the court may strike the pleading to which the motion was directed or make
         such order as it deems just.
22

23   Fed. R. Civ. P. 12(e)

24   The complaint must be so indefinite that the defendant cannot ascertain the nature of the

25   claim being asserted.  *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949

26   (D.C.Cal. 1981).  A Rule 12(e) motion attacks the unintelligibility of a pleading, and not merely

27   lack of detail.  *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (citation omitted).  A pleading

28

4

Case No. C 05-3387 JF
ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS FOR UNTIMELY SERVICE, (2) GRANTING
DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT, AND (3) CONSOLIDATING RELATED
ACTIONS
(JFEX2)

1   that satisfies the notice pleading standards of Rule 8 is sufficient to withstand a Rule 12(e)

2   motion for a more definite statement. *Famolare* at 949 (denying motion because statement of

3   exact dates of alleged misconduct was not required by Rule 8(e)); *see also Boxall v. Sequoia*

4   *Union High School Dist.*, 464 F. Supp. 1104 at 1114 ("While defendant may not have been able

5   to ascertain all the details of Plaintiff's case from the complaint, that is not the function of

6   pleadings in the federal courts.").

7        The availability of a motion for a more definite statement has been restricted because of

8   the liberal pleading standards contained in Rule 8(e) and the availability of extensive discovery in

9   the federal courts. *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994)

10  "[W]here the information sought by the moving party is available and/or properly sought through

11  discovery the motion should be denied." *Famolare* at 949; *see also Sagan* at 1077 ("Parties are

12  expected to use discovery, not the pleadings, to learn the specifics of claims being asserted.").

13       Rule 8 sets forth three basic pleading requirements: a statement of the grounds for

14  jurisdiction, a statement of the claim, and a demand for judgment and relief.  In the instant case,

15  Plaintiff's complaint is insufficiently clear with respect to jurisdiction, the first claim of relief,

16  and the second claim for relief.

17  *1.    Jurisdiction*

18       Rule 8 requires "a short and plain statement of the grounds upon which the court's

19  jurisdiction depends, unless the court already has jurisdiction and the claim needs no new

20  grounds of jurisdiction to support it." Fed. R. Civ. P. 8(a).  Plaintiff's complaint includes

21  multiple statements with respect to jurisdiction.  Plaintiff alleges that the Court has jurisdiction

22  based on diversity of citizenship.  Complaint ¶ 3.  While diversity would be a sufficient ground

23  in and of itself, Plaintiff also alleges that jurisdiction arises under 42 U.S.C § 2000e-5. *Id*. at ¶

24  7.  This additional claim of jurisdiction may be appropriate if Plaintiff intends to bring claims

25  under the Americans With Disabilities Act ("ADA"), 42 U.S.C § 12117, since that act authorizes

26  plaintiffs to seek such damages as would be available for under Title VII of the Civil Rights Act

27  of 1964, 42 U.S.C. 2000e, *et seq*., ("Title VII'), which are specified in 42 U.S.C. § 2000e-5.

28

5

Case No. C 05-3387 JF
ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS FOR UNTIMELY SERVICE, (2) GRANTING
DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT, AND (3) CONSOLIDATING RELATED
ACTIONS
(JFEX2)

1   However, while Plaintiff states that the action is "brought pursuant to Title VII of the Civil

2   Rights Act of 1964," she does not expressly assert any Title VII claims.

3        Plaintiff is directed to amend her complaint to correct the deficiencies identified above.

4   *2.    First Claim—Disability Discrimination*

5        Rule 8 also requires that any complaint include "(2) a short and plain statement of the

6   claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(b). In her first claim for

7   relief, Plaintiff alleges violations of the California Fair Employment and Housing Act ("FEHA"),

8   California Government Code §§ 12900, *et seq*. The alleged violations based upon Plaintiff's

9   disability include (1) termination, (2) differential treatment, (3) failure to make reasonable

10  accommodation, and (4) failure to engage in an interactive process leading to reasonable

11  accommodation. Plaintiff includes by reference a complaint she filed with the DFEH on or about

12  September 28, 2004, in which she alleges that, in violation of FEHA, on or about October 2,

13  2003, Defendant terminated her employment because of her disability, chronic back pain,

14  inability to work without effective accommodation and in retaliation for her complaints regarding

15  lack of accommodation. The instant complaint adds detail and expands on these claims.

16  Plaintiff alleges that she was employed by Defendant for at least fifteen months, receiving

17  positive performance reviews during that period. Complaint ¶¶ 11, 24. She alleges that she was

18  subjected to wilful, knowing and intentional discrimination occurring from on or about October

19  18, 2002 through October 3, 2003, when Defendant terminated her employment. Complaint ¶¶

20  17, 18, 27, 28, 29. Regarding her termination, Plaintiff alleges that on or about September 15,

21  2003, Defendant presented her with an unsigned plain-paper document directing her to apply for

22  unpaid leave under the Family Medical Leave Act ("FMLA") and that when she did not do so,

23  she was terminated on or about October 3, 2003. Complaint ¶ 24. Plaintiff alleges differential

24  treatment based on her disability, alleging that she was denied benefits and treatments accorded

25  to others, including flexibility regarding work from home. Complaint ¶¶ 8, 15. Plaintiff also

26  alleges that she would have been able to perform her essential job functions with [reasonable]

27

28                                           6

accommodation, and that Defendant refused to provide such accomodation.[3]  Complaint ¶ 25.
Finally, Plaintiff also alleges that the Defendant refused to engage in an interactive process
leading to reasonable accommodation.  Complaint ¶ 25.

This detail would be more than adequate to satisfy Rule 8 if it were clear that Plaintiff's
first claim is asserted *only* under FEHA.  However, as discussed above, it appears that Plaintiff
may intend to assert a claim under federal law as well as FEHA.  The complaint does not identify
any specific provisions of the ADA or Title VII that allegedly have been violated by Defendant.
Complaint, ¶¶ 7, 23, 26.[4]  Accordingly, Plaintiff is directed to amend her first claim for disability
discrimination to correct the deficiencies identified above.

*3.     Second Claim—Breach of Contract*

Plaintiff also alleges breach of her employment contract.  Complaint ¶¶ 31-37.  With
respect to the employment contract, Plaintiff alleges that Defendant had agreed to continue her
employment indefinitely as long as she carried out her duties in a proper and competent manner,
and agreed that she would not be demoted, discharged or otherwise disciplined without good
cause, and that her job functions would not be reassigned without good cause.  *Id*. at ¶ 32.  She

---

[3] While Plaintiff alleges simply that she "was able to perform the essential functions of her job with accommodation," a subsequent reference to "reasonable accommodation" warrants reading "reasonable" into the complaint.

[4] The Court notes that Plaintiff alleges that she was subject to close scrutiny at work. However, the complaint does not make clear the nature of the scrutiny, does not allege whether or not others were subjected to similar scrutiny, and generally does not allege whether and how such scrutiny was "materially adverse" such that "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2414-15 (2006) (citations and internal quotations omitted).
Plaintiff alleges that Defendant authorized a shortened/flexible schedule for her from October 18 to December 4, 2002, but refused to provide any accommodation after that date, purportedly because her medical documentation was insufficient.  More specificity regarding what medical information was requested, when the requests were made, and what information was provided and when, as well as an allegation as to whether the information requested was properly job-related under § 12940, might clarify Plaintiff's claim regarding Defendant's refusal to engage in an interactive process and provide reasonable accommodation.

7

1   further alleges that she performed her duties well. *Id*. at ¶ 35.  Her allegations regarding the

2   circumstances of her termination clearly assert that she was not terminated for good cause. *Id*. at

3   ¶ 41.

4          However, as Defendant points out, Plaintiff's second claim for relief exhibits a confusion

5   between an express contract and a contract implied-in-fact.  It is not clear from the complaint

6   whether the contractual terms to which Plaintiff alludes in her complaint were the express terms

7   of an oral or written contract, or the terms of a contract that was created by the conduct of the

8   parties.  If Plaintiff intends to allege that an express contract existed, even if it contained only

9   some of the terms she identifies, she must allege when the contract was created and the exact

10  terms to which both sides agreed.  If the contract was implied-in-fact, even if some of the

11  conduct creating the contract involved written documents (commendations, performance reviews,

12  etc.), Plaintiff should so state.

13         Accordingly, Plaintiff is directed to amend the claim for breach of contract in order to

14  correct the deficiencies identified above.

15

16  **C.     Consolidation of Cases**

17         As noted previously, Plaintiff has a related action before this Court, case number C 05-

18  3387 JF (PVT), in which she makes separate claims against Defendant based on alleged

19  discrimination arising from the same employment relationship.  At oral argument, both parties

20  agreed that consolidation of the actions is appropriate.  The Court concludes that consolidation

21  will promote judicial efficiency, reduce costs and avoid delays.  Accordingly, the Court will

22  consolidate the actions on its own motion pursuant to Federal Rule of Civil Procedure 42(a).

23

24

25

26

27

28

Case No. C 05-3387 JF
ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS FOR UNTIMELY SERVICE, (2) GRANTING
DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT, AND (3) CONSOLIDATING RELATED
ACTIONS
(JFEX2)

1

**III. ORDER**

2

3      Good cause therefore appearing, IT IS HEREBY ORDERED that:

4      (1)      Defendant's motion to dismiss is DENIED.

5      (2)      Defendant's motion for a more definite statement pursuant to Rule 12(e) of the

6              Federal Rules of Civil Procedure is GRANTED.  Any amended complaint shall be

7              filed and served before August 25, 2006.

8      (3)      The instant action is consolidated with Case No. C 05-03387 JF (PVT); all future

9              filings shall be made under that case number.

10      (4)      Counsel for the parties shall attend a case management conference on Friday,

11              October 20, 2006.

12

13

14   DATED: July 24, 2006

15

16

17                                            /s/
                                        _____
18                                        JEREMY FOGEL
                                        United States District Judge
19

20

21

22

23

24

25

26

27

28                                         9

1    This Order was served on the following persons:

2    Plaintiff *pro se*:

3    Mary Helen Woodson
       475 Milan Drive, #102
4    San Jose, CA 95134

5    Counsel for Defendant IBM:

6    Patrick C. Doolittle
       Quinn Emanuel Urquhart Oliver & Hedges, LLP
7    50 California Street, 22nd Floor
       San Francisco, CA 94111

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10